UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL RAYMOND CARLSON,                       :

                Plaintiff,                       :

           -against-                       : **REPORT AND RECOMMENDATION**

DEPARTMENT OF JUSTICE,                         :       10 Civ. 5149 (PAE)(KNF)

                Defendant.                       :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE

**PROCEDURAL BACKGROUND**

Daniel Raymond Carlson ("Carlson"), proceeding pro se and in forma pauperis, brings this action against the United States Department of Justice ("DOJ"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Carlson alleged that DOJ withheld from him improperly "surveillance photos and additional interoffice files of John Winston Ono Lennon (founding member and leader of the Beatles)[, a]s well as . . . Carlson's own [Federal Bureau of Investigation ("FBI")] surveillance photos and additional interoffice files." DOJ denied the allegations and made a motion for summary judgment. On July 21, 2011, the undersigned recommended to the assigned district judge that DOJ's motion for summary judgment be denied for its: (a) failure to submit a Local Civil Rule 56.1 statement of material facts as to which the moving party contends there is no genuine issue to be tried; (b) failure to provide to the plaintiff the full text of Rule 56 of the Federal Rules of Civil Procedure; and (c) submission, in its reply, of a declaration by Catherine Gonzalez-Gallego ("Gonzalez-Gallego") responding to an allegation in the complaint. DOJ objected to the July 21, 2011 recommendation conceding that

1

"it inadvertently did not serve Plaintiff with a copy of Federal Rule of Civil Procedure 56 or Local Civil Rule 56.1 along with its summary judgment briefing," but arguing that its motion should not be denied based on the lack of a Local Civil Rule 56.1 statement, because according to "the general practice in this circuit, a Rule 56.1 statement of undisputed facts need not be filed in support of a summary judgment motion in a FOIA case." On August 17, 2011, the assigned district judge determined that "the most prudent way to proceed is to terminate the pending motion and allow the DOJ to re-file it as to cure the procedural errors that the DOJ concedes that it committed in its original filing." However, the assigned district judge also found that, since Carlson is a pro se litigant, DOJ "should submit a Local Civil Rule 56.1 statement." He observed that DOJ "is correct that there may be a quasi-exception to this rule in FOIA cases in this Circuit, but none of the cases that the DOJ cites involves a pro se litigant." The assigned district judge directed DOJ "to re-file its motion, along with its Local Civil Rule 56.1 statement, copies of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, and any other properly submitted papers by September 9, 2011."

On September 9, 2011, DOJ filed: (i) a notice of motion for summary judgment, Docket Entry No. 23; (ii) a memorandum of law in support of the defendant's motion for summary judgment, Docket Entry No. 24; (iii) the defendant's statement of undisputed material facts pursuant to Local Civil Rule 56.1, Docket Entry No. 25; (iv) a notice to pro se litigant who opposes a motion for summary judgment, including the text of Rule 56 of the Federal Rules of Civil Procedure, Docket Entry No. 31; (v) a declaration by Gonzalez-Gallego, who was "employed by the Department of Justice's Office of Information Policy (OIP) as an attorney-

advisor"[1] from October 2005 to January 2010, Docket Entry No. 33; and (vi) a declaration by David M. Hardy ("Hardy"), "the Section Chief of the Record/Information Dissemination Section ('RIDS'), Records Management Division ('RMD'),"[2] from August 1, 2002, to present, Docket Entry No. 34.  Carlson opposed DOJ's motion for summary judgment, and DOJ filed its reply to Carlson's opposition.  Before the Court is DOJ's motion for summary judgment.

## UNDISPUTED FACTS

On October 1, 2008, Carlson submitted a request for documents, pursuant to FOIA, to the FBI New York Field Office, seeking FBI surveillance photographs and FBI inter-office documents documenting Daniel Raymond Carlson and John Winston Lennon (Deceased) together in front of the High School of Art & Design as well as any photos or documents showing John Winston Lennon (Deceased) visits to the High School of Art & Design."  More specifically, Carlson explained in his FOIA request that, from April through December 1980,

> John Winston Lennon had numerous contacts with Daniel Raymond Carlson in front of the High School of Art and Design on 1075 Second Avenue in Manhattan after classes.  John Winston Lennon was under surveillance by the FBI and was being photographed as well as reported written surveillance observations to the New York FBI Field Office.  John Winston Lennon would appear in disguises to hide his identity as well as not in disguise during only one occasion.  John Winston Lennon was in Negotiations with the Board of Education to donate a large sum of money to

---

[1] OIP changed its name in or about March 2009 from Office of Information and Privacy to Office of Information Policy.  Gonzalez-Gallego stated in her declaration that, in her official capacity as attorney-advisor for OIP, she was responsible for reviewing and responding to administrative appeals filed in connection with FOIA requests.

[2] Hardy stated in his declaration that, in his official capacity as Section Chief of RIDS, he supervises "approximately 280 employees who staff a total of ten (10) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to [FBI] records and information pursuant to the FOIA."  Hardy also stated that the statements in his declaration "are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith."

 the High School of Art & Design to rebuild their music department.  Under a specific occasion a couple of Photographers from the FBI identified themselves to Daniel Raymond Carlson telling him he was also under surveillance by the FBI and that he was having his pictures taken as well.

 On October 16, 2008, Hardy informed Carlson that his FOIA request was received and that the agency is "searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible."  The October 16, 2008 letter also assigned a number to Carlson's request and indicated: "Subject: CARLSON, DANIEL RAYMOND."

 The Central Records System ("CRS") enables the FBI to maintain information which it acquires in the course of fulfilling its mandated law enforcement responsibilities.  The records maintained in CRS include administrative, applicant, criminal, personnel and other files complied for law enforcement purposes.  The FBI uses CRS to search for documents potentially responsive to FOIA requests.  Retrieval of data from the CRS is made possible through the Automated Case Support System ("ACS"), by using the General Indices arranged in alphabetical order.  The General Indices consist of index cards on various subject matters.  The entries in the General Indices fall into two categories: (1) a main entry, or a main file, which carries the name corresponding with a subject of the file contained in CRS; and (2) a reference entry, also called cross-reference entry, which is generally a mention or reference to an individual, organization, or other subject matter, contained in a document located in another main file on a different subject matter.  Searches in the General Index to locate records concerning a particular subject are made by searching the subject requested in the index.

 The Electronic Surveillance ("ELSUR") indices are used to maintain information on subjects whose electronic or voice communications have been intercepted as a result of a

consensual, warantless electronic surveillance or a court-ordered electronic surveillance conducted by the FBI.  If surveillance photographs exist in regard to a subject or subject matter, they would be located through an ELSUR search.  ELSUR indices comprise a system of records separate from CRS, and they are published as a separate record system in the Federal Register because not all names contained in the ELSUR indices can be retrieved through the General Index and CRS.  FBI field offices that have conducted electronic surveillance at any time from 1960 to the present also maintain ELSUR indices, and those indices are included in the FBI headquarters' index.  The names of monitored subjects are retrievable through the FBI headquarters or local field office ELSUR indices.

In response to Carlson's FOIA request, the FBI conducted a search of the CRS General Indices by using a six-way breakdown of "Daniel Raymond Carlson"; no main files were identified based on that search.  On October 30, 2008, Hardy informed Carlson that, in response to his FOIA request, the FBI concentrated on "identifying main files in the central records system at the New York Office," and no records responsive to his FOIA request were located by an automated indices search.

On November 10, 2008, Carlson submitted an appeal to the OIP Director.  Following the filing of his appeal, Carlson and Gonzalez-Gallego spoke via telephone.  Gonzalez-Gallego had no direct access to FBI files and had no direct knowledge of files maintained on John Winston Ono Lennon or Carlson.  Subsequently, Gonzalez-Gallego discussed Carlson's request with an FBI FOIA specialist and remanded the case to the FBI for a further search.

On December 30, 2008, OIP responded to Carlson's appeal, informing him that: (a) the FBI conducted a further search and located a cross-reference responsive to the portion of Carlson's request for access to records pertaining to himself; and (b) OIP was remanding the

request to the FBI for a further search, including a search in connection with Carlson's request for certain records pertaining to John Lennon. The December 30, 2008 letter also informed Carlson that, if the FBI locates any responsive records, it would send them to Carlson.

On February 9, 2009, Hardy informed Carlson that a search of the indices to the FBI central records system, at FBI headquarters, uncovered documents potentially responsive to Carlson's request. Hardy stated: "This office has attempted to obtain this material so that it could be reviewed for responsiveness. We were advised the records were not in their expected location and could not be located. Therefore we are closing your request administratively."

Carlson appealed the February 9, 2009 decision, stating he "would like to set in motion a new inquiry to find these misplaced or moved FBI surveillance photos of John Winston Lennon (deceased) in disguise that I am inquiring about." On July 20, 2009, OIP informed Carlson that his "request for access to certain records pertaining to yourself" was remanded for a further search, and that, if the FBI locates responsive records, it would send them to Carlson.

On August 11, 2009, Hardy informed Carlson that a search of indices in the FBI's CRS

> reflected there were records potentially responsive to your request. We have attempted to obtain this material so that it could be reviewed to determine whether it was responsive to your request. We were advised that the potentially responsive records were not in their expected location and could not be located after a reasonable search for these records.

On September 9, 2009, Carlson appealed to OIP, seeking "to set in motion a new inquiry to find these misplaced or moved FBI surveillance photos of John Winston Lennon (deceased) in disguise that I am again inquiring about." The OIP affirmed the FBI's decision by a letter, dated December 15, 2009, stating in pertinent part:

> By letter dated August 11, 2009, the FBI informed you it had conducted additional searches in an attempt to find the missing New York Field Office file, but is still unable to find it. I have determined that the FBI conducted an adequate, reasonable

search for this file. Indeed, the FBI has not used any exemptions to withhold this information from you; rather, it cannot find these records.

## THE PARTIES' CONTENTIONS

DOJ contends it is entitled to summary judgment because it conducted a reasonable search, including searches for main entries in the CRS database as well as a search for cross-reference to Carlson's name. According to DOJ, the FBI conducted three separate searches for the potentially responsive cross-reference file, but could not locate the file. DOJ contends that Carlson's allegations that Gonzalez-Gallego stated to him "there were literally hundreds of surveillance photos of John Winston Ono Lennon in the FBI possession" and the FBI found Carlson's file and Carlson "would not be happy at what it said about him," are unfounded, since Gonzalez-Gallego denied under oath that she made them, and insufficient to rebut the presumption of good faith to which her statements are entitled.

Carlson contends that "the FBI is just plainly refusing to release these files to me," and Gonzalez-Gallego's statements denying his allegations are false. According to Carlson, he "never received a proper Vaughn Index[3] stating how many documents and photos were found on John Winston Ono Lennon or Daniel Raymond Carlson that the Department of Justice and its tributary the FBI still have in their possession." In reply, DOJ contends that Carlson provided no support for his allegations that Gonzalez-Gallego's statements are false and a Vaughn Index is not necessary or appropriate here because the FBI was unable to locate one potentially responsive file.

---

[3] "A comprehensive list of all documents that the government wants to shield from disclosure in [FOIA] litigation, each document being accompanied by a statement of justification for nondisclosure." BLACK'S LAW DICTIONARY 1693 (9th ed. 2009).

# DISCUSSION

*Legal Standard*

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

"The court need consider only the cited materials, but it may consider other material in the record." Fed. R. Civ. P. 56(3). A moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). "All reasonable inferences must be construed in the nonmoving party's favor, and if 'there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment.'" Hill v. Curcione, 657 F.3d 116, 124 (2d Cir. 2011) (quoting R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine

issue for trial." Fed. R. Civ. P. 56(e)(2).

"On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(4)(B).

> In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fell within an exemption to the FOIA. Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden.
>
> Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994) (internal citations omitted).
>
> [A]gency affidavits will ordinarily suffice to establish the adequacy of an FOIA search effort if they are relatively detailed and nonconclusory and . . . submitted in good faith. . . . Agency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents. In order to prevail[, the plaintiff] must point to evidence sufficient to put the Agency's good faith into doubt.
>
> Ground Saucer Watch, Inc. v. C.I.A., 692 F.2d 770, 771 (D.C. Cir. 1981) (quotation marks and citations omitted).

*Application of Legal Standard*

The undisputed facts demonstrate that the defendant conducted an adequate search in response to Carlson's FOIA request. The declarations of Hardy and Gonzalez-Gallego are entitled to a presumption of good faith, and Carlson failed to point to any evidence that would be sufficient to put the defendant's good faith into doubt. Since the only potentially responsive file was unable to be located, it was not improperly withheld. See Pena v. Bureau of Prisons, No. 06 CV 2480, 2007 WL 1434869 at *2 (E.D.N.Y. May 14, 2007) ("Where documents are misplaced or permanently lost, they cannot be 'improperly withheld.'"). As no file was able to be located, a Vaughn Index was unnecessary. Carlson's allegations, including that "the FBI is just plainly

9

refusing to release these files" to him, without more, are insufficient to establish that material facts exist showing a genuine issue for trial. Accordingly, the defendant is entitled to summary judgment.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendant's motion for summary judgment, Docket Entry No. 23, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer, 500 Pearl Street, Room 660, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
      January 18, 2012

Copies mailed to:

Daniel Raymond Carlson
Cristine Irvin Phillips, Esq.

Respectfully submitted:

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE